**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

March 28, 2016

Writer's Direct Contact
+1 (212) 336.4069
DFioccola@mofo.com

<u>**Via ECF**</u>

The Honorable Carol Bagley Amon
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Ferrenbach v. Uber Technologies, Inc.*, Civ. Act. No. 1:15-cv-06818 (CBA)(SMG)

Dear Judge Amon:

I write on behalf of Defendant Uber Technologies, Inc. ("Uber") pursuant to the Court's March 2, 2016, Minute Entry to renew Uber's request for a pre-motion conference regarding a motion to dismiss the Amended Complaint.

After reviewing the Amended Complaint, it is clear that this new Plaintiff's claims under the Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq*., and New York General Business Law ("GBL") 399-p should be dismissed or, in the alternative, stayed pending the appeal in *Bank v. Uber Technologies, Inc.*, Civ. Act. No. 1:15-cv-04858 (JG)(JO).

First, Ms. Ferrenbach's TCPA claim is doomed to fail for a simple reason: the "landline" telephone number that Uber allegedly called is her telephone number for business, not a "residential telephone line."  As a result, a call to that number is exempt from the TCPA. *See, e.g.*, *Bank v. Indep. Energy Grp. LLC*, No. 12-CV-1369 JG VMS, 2015 WL 4488070, at *2 (E.D.N.Y. July 23, 2015) (granting summary judgment for defendant where plaintiff "held out the Subject Telephone to the public as a business line").  Indeed, a simple internet search revealed that Ms. Ferrenbach has advertised the telephone number at issue as the contact number for her business since at least March 2012.

Second, the Amended Complaint is substantively identical to the complaint in *Bank*, which Judge Gleeson recently dismissed in its entirety.  *See* 2015 WL 8665441 (E.D.N.Y. Dec. 11, 2015).  The new plaintiff in this action, Ms. Ferrenbach, like Bank, alleges that she received calls from Uber in July 2015 concerning Uber's political lobbying efforts in New York City in violation of the TCPA and GBL 399-p.  And although Ms. Ferrenbach vaguely pleads that

ny-1226731

MORRISON | FOERSTER

The Honorable Carol Bagley Amon
March 28, 2016
Page Two

Uber called her "landline" and fails to identify the specific TCPA section at issue, her allegation must necessarily be construed as asserting a call to her "residential telephone line" in violation of 28 U.S.C. § 227(b)(1)(B). This is the exact same fact pattern and cause of action as in *Bank*. Indeed, in the event the *Bank* moves forward, Ms. Ferrenback would be a purported class member in that case.

In *Bank*, Judge Gleeson dismissed the TCPA claim because the calls at issue were "unmistakably political in nature" and, thus, "exempt from TCPA liability." *See id*. at **2-3. After dismissing the TCPA claim, Judge Gleeson declined to exercise supplemental jurisdiction over the GBL 399-p claim. *Id*. at *3. Judge Gleeson also denied the plaintiff's motion to reconsider the supplemental jurisdiction ruling, in part because GBL 399-p "authorizes only *individuals* the right of action; it does not provide for a class action mechanism," which is the only basis on which a federal court could exercise jurisdiction over that claim. *See* Order Den. Mot. for Recons., 1:15-cv-04858 (JG)(JO), Dkt. No. 20 (E.D.N.Y. Mar. 8, 2016). Your Honor should dismiss Ms. Ferrenbach's copycat action for the same reasons.[1]

Third, in the event that Your Honor does not dismiss Ms. Ferrenbach's Complaint because it falls squarely within Judge Gleeson's decision in *Bank*, then the Court should stay this action pending resolution of the appeal in *Bank*. The plaintiff in *Bank* already filed his opening appellate brief and Uber's brief is due in early June. *See* Br. for Appellant, No. 15-4020, Dkt. No. 35 (Mar. 10, 2016); Scheduling Order, No. 15-4020, Dkt. No. 46 (Mar. 23, 2016). Staying this case is necessary because a decision in *Bank* by the Court of Appeals will bind Ms. Ferrenbach, who is a putative class member in that case. Staying this action will also have the benefit of promoting judicial economy and saving the parties the expense of re-litigating the *Bank* motion to dismiss. *See, e.g.*, *Fagan v. Republic of Austria*, No. 08 CIV. 6715 LTS JCF, 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009) (staying action pending appeal where the "claims in the complaint [were] intimately connected to the claims currently on appeal before the Second Circuit").

Finally, I would like to notify the Court that Uber will be sending a letter to Ms. Ferrenbach's counsel requesting that she withdraw the Amended Complaint because it violates Rule 11 of the Federal Rules of Civil Procedure. Plaintiff has no basis in existing law to bring her TCPA claim given that she alleges Uber called her business telephone line. And Plaintiff's attempt to re-litigate the *Bank* action while an appeal is pending will needlessly increase the cost of this litigation. Uber has already had to spend significant resources defending the claims brought by the original plaintiff, Ms. Gonzalez, despite

---

[1] Additionally, the Court should strike portions of the class allegations concerning calls to cell phones because Plaintiff does not allege that she received a call to her cell phone and she therefore lacks standing to represent others who allegedly received such calls.

ny-1226731

MORRISON | FOERSTER

The Honorable Carol Bagley Amon
March 28, 2016
Page Three

having no record of ever calling her.  Uber should not now be forced to re-litigate the *Bank* action when her case will ultimately be resolved by the Second Circuit.

Respectfully submitted,

/s/ David J. Fioccola

David J. Fioccola

ny-1226731